# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAUTILUS NEUROSCIENCES, INC. and APR APPLIED PHARMA RESEARCH SA, <br><br> Plaintiffs, <br><br> v. <br><br> WOCKHARDT USA LLC AND WOCKHARDT LTD., <br><br> Defendants. | Civil Action No.: 2:11-cv-01997-ES-SCM |
| NAUTILUS NEUROSCIENCES, INC. and APR APPLIED PHARMA RESEARCH SA, <br><br> Plaintiffs, <br><br> v. <br><br> WOCKHARDT USA LLC, and WOCKHARDT LTD., <br><br> Defendants. | Civil Action No.: 2:12-cv-01243-ES-SCM |

## JUDGMENT AND ORDER OF PERMANENT INJUNCTION

This action for patent infringement having been brought by Plaintiffs and Counterclaim-Defendants Nautilus Neurosciences, Inc. ("Nautilus") and APR Applied Pharma Research SA, ("APR," and, together with Nautilus, "Plaintiffs") and Defendants and Counterclaim-Plaintiffs Wockhardt USA LLC and Wockhardt Ltd. ("Defendants") for infringement of United States Patent Nos. 6,974,595; 7,482,377; 7,759,394; and 8,097,651 (the

"'595 Patent," the "'377 Patent," the "'394 Patent" and the "'651 Patent," respectively and collectively, the "Patents");

Nautilus, APR and Defendants have entered into a settlement agreement or related agreements under which Nautilus has granted Defendants a sublicense under the Patents (the "Sublicense"), pursuant to the terms and conditions in the settlement agreement and related agreements;

Plaintiffs and Defendants have further agreed to the imposition of a Permanent Injunction, pursuant to which Defendants many not commercialize their generic version of Nautilus' branded Cambia product before the date specified in the sublicense agreement;

Defendants acknowledge that all the claims in the Patents are valid and enforceable with respect to the product of Wockhardt's ANDA 202430; and

Defendants acknowledge that the filing of their Abbreviated New Drug Application 202430 ("Defendants' ANDA") describing a 50 mg strength diclofenac potassium powder for oral solution product infringed the Patents and, in the absence of the Sublicense, the selling, offering for sale, using and/or importing into the United States such a product ("Defendants' Product") would infringe each of the Patents.

Plaintiffs and Defendants now consent to this Judgment and Order and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the parties and subject matter of this action.
2. The Patents are each owned by APR and are each valid and enforceable with respect to Defendants' Product.

3. All affirmative defenses, claims and counterclaims, which have been or could have been raised by Defendants in this action with respect to infringement, validity or enforceability of any of the Patents, are dismissed with prejudice.

4. Defendants, their officers, agents, employees and those acting in privity or concert with them are hereby enjoined and estopped during the term of the Patents until the applicable license date of the Sublicense from making, using, selling, offering for sale within the United States or importing into the United States the diclofenac potassium powder for oral solution product described in ANDA No. 202430.

5. The foregoing injunctions against Defendants shall take effect immediately upon entry of this Judgment and Order by the Court, and shall continue generally with respect to each of the Patents until the expiration of such Patent, unless (i) earlier terminated or modified by further order of this Court, or (ii) until the applicable license date of the Sublicense.

6. This Judgment is binding upon and constitutes claim preclusion and issue preclusion with respect to infringement by the Defendants' Product between the parties in this action.

7. Nothing in this Judgment shall effect or otherwise delay the effective date of approval of ANDA No. 202430.

8. Nothing in this Judgment shall effect the "paragraph IV certifications" to the Patents in ANDA No. 202430, which paragraph IV certifications Defendants shall be entitled to lawfully maintain pursuant to its sublicense to the Patents.

9. The parties waive all right to appeal from this Judgment and Order.

10. This Court shall retain jurisdiction of this action and over the parties for purposes of enforcement of the provisions of this Judgment and Order.

11. Each party is to bear its own costs and attorney's fees.

Dated: July 3, 2013

| By: *s/Liza M. Walsh* | By: *s/Leda Dunn Wettre* |
|---|---|
| Liza M. Walsh | Leda Dunn Wettre |
| Rukhsanah L. Singh | ROBINSON, WETTRE & MILLER LLC |
| CONNELL FOLEY LLP | One Newark Center, 19th Floor |
| 85 Livingston Avenue | Newark, New Jersey 07102 |
| Roseland, New Jersey 07068 | Tel.: (973) 690-5400 |
| Tel.: (973) 535-0500 | |
| | Jay R. Deshmukh |
| Thomas J. Meloro | William R. Zimmerman |
| Eugene L. Chang | Thomas P. Krzeminski |
| Michael W. Johnson | William O. Adams |
| WILLKIE FARR & | Jason A. Champion |
| GALLAGHER LLP | KNOBBE, MARTENS, OLSON & BEAR |
| 787 Seventh Avenue | LLP |
| New York, New York 10019-6099 | 2040 Main Street, 14th Floor |
| Tel.: (212) 728-8000 | Irvine, California 92614 |
| | Tel.: (949) 760-0404 |
| *Attorneys for Plaintiffs* | |
| *Nautilus Neurosciences, Inc.* | *Attorneys for Defendants Wockhardt USA* |
| *and APR Applied Pharma* | *LLC and Wockhardt Ltd.* |
| *Research SA* | |

SO ORDERED:

_____
Honorable Esther Salas
United States District Judge

Dated: 7/11/13